Judge Lane
delivered the opinion of the court
The act to regulate elections (29 Ohio L. 44) prescribes the general mode of conducting them. Section 43 gives to any candidate- or elector the power to contest the rights of senators and representatives to their respective seats, prescribes the manner of taking testimony, and ior submitting the issue to the proper branch of the general assembly. Section 64 prescribes the same method in contesting the rights of those elected to county offices, except that the matter is to be determined by the court of common pleas, to whom it is to be sent within thirty days. The act. to provide for the election of prosecuting attorneys (31 Ohio L. 13)^ directs their “election to be held in the same manner that other state and county officers are to be elected, under the provisions of the act to regulate elections.” The question first presented is, whether the right of contesting attaches to the prosecuting attorneys as well as to other county officers? The affirmative is our opinion. The mode of contest is a part of the machinery by which the elections are regulated, and the right to office investigated and declared, as necessary as any step in the proceedings p and the adoption of the manner of holding elections of county officers in the last statute, is an adoption of all the incidents by which their rights to office become mature.
The second objection, that notice was not duly filed with the-clerk, is not true in fact; the election being held in October, and the proceedings filed on the 21st of the same month.
The third objection, that Edwards shows no right as candidate- or elector to contest the seat, seems to us well taken. The candidate is not presumed to know all the electors in his district, and. he is bound to respond to none, except those who show in the no *382 tice the right to question,-which forms the basis of the proceeding. The contestor offers proof that he was an elector, but we think the right should appear on the record. This opinion is in analogy with the settled course of decisions in this court under the bastardy act, requiring the facts, the mother is an unmarried *woman, and resident in Ohio, to be set forth in the complaint.
The order of the common pleas, quashing the proceedings, was right; but no authority is perceived for taxing the costs of the proceeding against the contestor.
The judgment of the court of common pleas is in all things affirmed, except as to the taxation of costs, in which respect it is affirmed.