IN THE MATTER OF THE PETITION OF JOHN WILSON, Contestant, *v.* PHILANDER LUCAS, Contestee.

1. *Election — Contestant — Petition — Time of filing.*—Under the provisions of the statute (Gen. Stat. 1865, ch. 2, § 80), the petition of a party contesting the election of circuit judge will be dismissed unless the contestant present such petition to this court (or to a judge thereof in vacation) within forty days, and serve the contestee with a copy of the petition and notice within thirty days next succeeding the election.

*Hall & Oliver,* for contestant.

*Johnson, Strong & Chandler,* for contestee.

I. This pleading is authorized and sanctioned by the law and practice of this State, no practice being prescribed by statute. (Castello v. St. Louis Circuit Court, 28 Mo. 259.)

II. This contest was not instituted within the time prescribed and limited by law. (Gen. Stat. 1865, ch. 2, § 80 ; Castello v. St. Louis Circuit Court, 28 Mo. 259.)

III. The petition of contestant does not sufficiently allege that he was eligible or qualified to hold the office he is contesting. (State *ex rel.* Bartley v. Governor, 39 Mo. 388 ; Curry v. Cablis

*et al.*, 37 Mo. 330; Biddle v. Boyce, 13 Mo. 532; Smith *et al.* v. Dean, 19 Mo. 63; Jones v. Brinker, 20 Mo. 87; Tallman v. Green, 3 Sandf. 437; Stone v. De Puga, 4 Sandf. 681; Garvey v. Fowler, *id.* 665; Boyce v. Brown, 7 Barb. 80; Van Schaik v. Winne *et al.*, 16 Barb. 89; Murdock v. Chenango Ins. Co., 2 Conn. 210; Levy v. Bend, 1 E. D. Smith, 169; Mann v. Morewood, 5 Sandf. 557.)

IV. The petition of contestant does not, upon its face, show that he was legally elected, and does not sufficiently set forth the points upon which he will contest, or the facts he will prove in support of such points. (Gen. Stat. 1865, ch. 2, § 80; Blanchard v. Stearns, 5 Met. 298; Ashby v. White, 1 Sm. Lead. Cas. 290; Pryce v. Belcher, 3 C. B. 58; 1 Sm. Lead. Cas. 309, note; Adams v. Holly, 12 How. Pr. 326; Thomas v. Desmond, 12 How. Pr. 321; Myers v. Machado, 14 How. Pr. 149; Keteltas v. Myers, 3 E. D. Smith, 83; Beach v. Gallop, 2 N. Y. 66; Parker v. Totten, 10 N. Y. Prac. 234; Bankstone v. Farris, 26 Mo. 175; Russell v. Clapp, 7 Barb. 482; Glenny v. Hutchison, 4 How. Pr. 98.)

V. It is not sufficiently alleged that any of the persons who voted for contestant were legally-qualified voters. Contestant should have set up the facts which, if true, would render them qualified voters, and not the conclusion of law. (Curry v. Cablis *et al.*, 37 Mo. 330; Const. art. VI, § 18; art. II, §§ 8, 10; Gen. Stat. 1865, ch. 31, § 1.)

WAGNER, Judge, delivered the opinion of the court.

John Wilson files his petition in this court at the present time, and prays that he may be allowed to contest the right of the defendant, Lucas, to the office of judge of the fifth judicial circuit in this State. He states, in substance, that he is a free white male citizen of this State, over the age of thirty years, and has been a resident of said circuit for twenty-seven years; that at the general election held on the 3d day of November, 1868, he and the defendant, Lucas, were candidates for the office of judge in said circuit, and that at that election he received two thousand votes, marked on the ballots by the respective judges of election

"rejected," which were not counted by the judges of election as qualified voters, but were sent up by the judges and clerks of election to the clerks of the County Courts of the respective counties as rejected voters; that said last-named clerks refused to cast up and count the same with the other qualified voters, but returned an abstract of them, with the other qualified voters, as rejected votes, to the secretary of State, who also refused to cast up and count the same, and certified to the governor of the State that Lucas received the highest number of votes, by means whereof Lucas received the commission.

The petition further alleges that the votes were rejected in pursuance of the registration law of this State, which was passed in conformity with the provisions of the State constitution, and that the same is repugnant to and violative of the constitution of the United States; and that, had the rejected votes been counted, they would have given him a majority and entitled him to the commission.

He also states that, within fifteen days prior to such election, he filed his oath of loyalty, as required by law, and that he received the largest number of legally-qualified votes for the office of judge, which were duly certified and returned to the secretary of State, which officer opened and cast up the votes of all the counties except the county of Platte; and that, by the omission to cast up the vote of Platte county, which gave a majority for petitioner, he was illegally deprived of the commission and his right to the office; and he prays that Lucas's commission may be vacated, and that he may be declared entitled to the office.

By an affidavit annexed to the petition it appears that Lucas was served with a copy of the petition, and the time and place when the same would be presented, on the second day of February, 1869. The defendant, Lucas, appears in court and moves to quash and dismiss the petition and notice, and assigns several reasons therefor. The petition is certainly very defective, and the omissions of essential particulars are most palpable. The points on which he proposes to contest are not sufficiently made, nor the facts which he will attempt to prove in support of those points. Nor does he aver his eligibility and qualification for the office,

according to the prescribed terms of the law. The allegation that the registration law is void, and that the third section of the second article of the constitution of this State is in conflict with the constitution of the United States, has been passed upon by this court, and can no longer be considered as an open question. The matter is concluded so far as we are concerned, and it requires no further comment. The principal thing in this case which is decisive and controlling is the question of notice.

By the provisions of the statute (Gen. Stat. 1865, ch. 2, § 80), it is declared: "If any person contest the election for circuit judge, he shall present a petition to the Supreme Court, at the first term holden next after the election, or to some judge thereof in vacation, within forty days after such election, setting forth the points on which he will contest the same, and the facts which he will prove in support of such points. The contestee shall be served with a copy of such petition, and a notice of the time and place of the presentation of the same, ten days before the same shall be presented." The eighty-second section further provides what proceedings shall be had on the presentation and the filing of the answer, and that a commissioner shall be appointed to take testimony, and the order of appointment shall specify the points and facts to which the testimony is to be taken. The question of notice in contested election cases was considered in Castello v. St. Louis Circuit Court, 28 Mo. 259, where it was held that, in proceedings instituted under the act regulating elections, the notice must be given within the time limited by the statute, and, if the contestant does not give the required notice, the proceedings shall be quashed.

In this case the law requires the contestant to present his petition to this court at the first term holden next after the election, or to some judge thereof in vacation, within forty days after such election ; and the contestee is to be served with a copy of the petition and notice ten days before the presentation of the same, which would make it within thirty days next succeeding the election. The petition was not presented to this court at its first term next after the election, for that was begun and held on the second Monday in January last, nor was it presented to any judge in

Hannibal and St. Joseph R.R. Co. v. Brown et al.

vacation. The notice of contest was not given to Lucas till ninety days after the election, and more than one hundred days had elapsed before the presentation of the petition to this court. The statute not having been complied with, and the notice being wholly insufficient, the defendant's motion will be sustained and the petition dismissed. The other judges concur.