[No. 2494]

AGNES V. CROWNOVER, RESPONDENT, *v.* RITA D. MILLAR, APPELLANT.

[197 Pac. 817]

1. ELECTIONS—DISTRICT COURT WITHOUT JURISDICTION OF CONTEST WHERE STATEMENT DOES NOT SHOW CONTESTANT WAS AN ELECTOR.

Under act of March 24, 1917 (Stats. 1917, c. 197) secs. 68, 70, and despite section 72, the district court had no jurisdiction of an election contest where the statement of grounds of contest did not allege contestant was an elector.

2. ELECTIONS—CONTEST PROCEEDINGS ARE SPECIAL AND SUMMARY, AND STRICT OBSERVANCE OF STATUTE IS REQUIRED TO GIVE JURISDICTION.

Statutory proceedings regarding election contests are special and summary in their nature, and generally a strict observance of the statute, so far as regards the steps necessary to give jurisdiction, is required, and the jurisdictional facts must appear on the face of the proceedings.

3. ELECTIONS—CONTESTEE DID NOT WAIVE OBJECTION THAT STATEMENT DID NOT GIVE JURISDICTION BY SUBMITTING DEMURRER WITHOUT ARGUMENT AND GOING TO TRIAL.

The contestee of an election did not waive the objection taken by her demurrer that the statement did not give the court jurisdiction in submitting it without argument, and by filing her answer, and in going to trial on the issues made.

4. ELECTIONS—JURISDICTION OF CONTEST COULD NOT BE CONFERRED BY PROOF WHERE STATEMENT DEFECTIVE IN OMITTING TO ALLEGE CONTESTANT WAS AN ELECTOR.

Where the district court before which an election was contested by a candidate never acquired any jurisdiction on account of the statement being defective in not alleging the contestant was an elector of the county, such jurisdiction could not be conferred by matters of proof, as by evidence of contestant's declaration of candidacy wherein she declared she was a qualified elector, and which contestee had seen.

5. ELECTIONS—JUDGMENT ENTERED FOR CONTESTEE ON REVERSAL
WHERE TIME FOR INSTITUTING CONTEST HAS EXPIRED.
    Where the time for instituting election contest has expired
when judgment for contestant is reversed on appeal on
account of the trial court's having no jurisdiction for defect
in contestant's statement, no amendment conferring juris-
diction on the court can be allowed on appeal, and judgment
must be entered for contestee.

APPEAL from the Seventh Judicial District Court, Mineral County; *J. Emmett Walsh,* Judge.

Contest of election by Agnes B. Crownover against Rita D. Millar. From judgment for contestant, and order denying her motion for new trial, contestee appeals. **Judgment reversed, certificate of election issued to contestant annulled, and contestee declared entitled to hold the office. Petition for rehearing denied.**

*Mack & Green,* for Appellant:

The complaint, affidavit, or statement of contest wholly fails to allege that contestant is a qualified elector. Such an allegation is necessary to give the court jurisdiction. Const. Nev., sec. 3, art. 15, Stats. 1913, p. 31; Rev. Laws, 2766; Stats. 1917, p. 278. Only an elector may contest an election. Stats. 1917, p. 380. "Where the statute permits a contest to be instituted by electors, the complaint or petition must allege that the contestant is an elector, at the time the statement is filed." 20 C. J. 226; 8 Stand. Ency. Proc., 68d; 7 Ency. Pl. & Pr., 381b; 15 Cyc. 409; Minor v. Kidder, 43 Cal. 229; Adams v. McCormick, 216 Ill. 76, 74 N. E. 774; Blanck v. Pausch, 113 Ill. 60; Materson v. Reed, 172 Ill. 37; Pearson v. Alverson, 160 Ala. 265; Gillespie v. Dion, 18 Mont. 183; Edwards v. Knight, 8 Ohio, 375; Dobson v. Bowlby, 78 Neb. 190.

The omission of jurisdictional allegations in election contest statements cannot be remedied by amendment after the expiration of the time limited by law for commencing the contest. 20 C. J. 235; 8 Stand. Ency. Proc.

79; 7 Ency. Pl. & Pr. 390; Pearson v. Alverson, supra; 9 R. C. L. 1169; Kindel v. Le Bert, 23 Colo. 385; Ford v. Wright, 13 Minn. 518.

*A. Grant Miller,* for Respondent:

The fact that respondent in her statement of contest does not set out that she is a qualified elector is entirely immaterial. Such an allegation is not required, as the contest is by an opposing candidate, and not by an elector merely. 3 Rev. Laws, secs. 70–72.

Appellant waived any objections to the statement of contest, by submitting her demurrer without argument, making answer to the statement, appearing personally and by counsel, and fully submitting herself to the jurisdiction of the court.

The name of contestant having been regularly certified as a candidate, having been regularly placed on the ballot for the general election, and she having been regularly voted for at said election, it is now too late to raise the objections stated. The law presumes that she was regularly upon the general election ballot; and having been declared the choice of the people, the law will not disturb the result. Territory, ex rel. Willis, v. Janealli, 7 Ann. Cas. 837; Dithmar v. Bunnell, 2 Ann. Cas. 560.

The provisions of the primary election law are mandatory before, but merely directory after, election. Stackpole v. Hallahan, 28 L. R. A. 502; Simpson v. Osborn, 52 Kan. 328; State v. Benton, 13 Mont. 306; Allen v. Glynn, 15 L. R. A. 743; Bowers v. Smith, 16 L. R. A. 754; State v. Saxon, 18 L. R. A. 721.

The statute does not say that elections shall be void because of incorrect nomination papers. "Having neglected to avail himself of the opportunity afforded by the election law to have the matters complained of corrected before election, contestor cannot be heard to urge them now, when to uphold them would result in

the overthrow of the expressed will of a majority of the legal voters of the county." Lewis v. Boynton, 55 Pac. 732; 9 R. C. L. secs. 161, 162, pp. 1172–1175.

By the Court, DUCKER, J.:

Agnes B. Crownover, the contestant, and Rita D. Millar, the contestee, were opposing candidates for the office of county recorder and ex officio auditor of Mineral County, State of Nevada, at the general election held in November, 1920. At said election contestee, by the count of the ballots by the board of election in said Mineral County, defeated contestant by three votes.

Thereafter and within the time allowed by statute contestant instituted this contest. A hearing of the contest in the court below resulted in favor of contestant, Agnes B. Crownover. The trial court found that contestant received as candidate for said office 306 legal votes, and that her opponent, Rita D. Millar, received 304 legal votes. Judgment was accordingly entered that Agnes B. Crownover is the duly and regularly elected county recorder and ex officio auditor of said county, and a certificate of election issued to her for said office. From said judgment and order denying her motion for a new trial, contestee appeals.

We are concerned at the outset with the question raised by the demurrer to the statement by which contestant sets forth her cause of contest.

The statement was demurred to on several grounds, one of which is that it appears therefrom that the court had no jurisdiction of the subject-matter of the controversy.

1. The demurrer is well taken on this ground and should have been sustained. The court was without authority to hear the cause under the statutes permitting such contests. Section 68 of an act relating to elections, approved March 24, 1917 (Stats. 1917, c. 197), provides in part:

"Any elector of the proper county may contest the

right of any person declared duly elected to an office exercised in and for such county.   *   *   *"

And section 70 of this act provides:

"When any elector shall choose to contest the right of any person declared duly elected to such office he shall, within forty days thereafter, file with the clerk of the district court a written statement, setting forth specifically: First—The name of the party contesting such election, and that he is a qualified elector of the district, county, or precinct (as the case may be) in which such an election is held.   Second—The name of the person whose right to the office is contested.   Third—The office. Fourth—The particular cause or causes of such contest. Said statement shall be verified by the affidavit of the contesting party, that the matters and things therein contained are true to the best of his knowledge and belief."

2.   Statutory proceedings regarding election contests such as are provided for in the foregoing sections are special and summary in their nature, and generally a strict observance of the statute so far as regards the steps necessary to give jurisdiction is required, and the jurisdictional facts must appear on the face of the proceedings.   9 R. C. L. 1157.   It will be observed that these sections confine the authority to institute proceedings to contest an election to those who are electors. It is nowhere alleged in the statement that the contestant is a qualified elector of Mineral County, in conformity with the requirement in said section 70; and the failure to allege this statutory essential is, under well-settled principles of law, fatal to the jurisdiction of the court.   The case of Adams v. McCormick, 216 Ill. 76, 74 N. E. 774, is directly in point.   In this case a petition was filed by appellant to contest the election of the appellee to the office of circuit clerk.   A general demurrer to the petition was sustained by the trial court.   The appellate court said:

"The right to contest an election is created and

wholly controlled by statute. Section 112 of chapter 46 [Hurd's Rev. St. 1899], entitled 'Elections,' authorizes any one who is an elector in a county to contest the election of a circuit clerk in and for such county. The right to institute such a contest is confined exclusively to an elector of the county. [Citing former decisions of the same jurisdiction.] The petition filed by the appellant in the case at bar did not allege that the petitioner was an elector of Shelby County. The petition was therefore fatally defective, and the demurrer thereto was properly sustained."

In Gillespie v. Dion, 18 Mont. 183, 44 Pac. 954, 33 L. R. A. 703, the same view is taken. The statute under which the contest was instituted in that case provided, inter alia, that—

"All contests of county and township officers shall be tried in the proper county, and when an elector shall wish to contest such election he shall file with the clerk of the board of county commissioners, within ten days after such person shall have been declared elected, a statement in writing," etc.

The statement filed within the statutory time by the contestant, Gillespie, to contest the election of the contestee, Dion, did not contain an averment that he was an elector. The appellant moved to quash the statement, alleging, as one of the grounds of the motion, that the statement did not show that Gillespie was an elector of the county in which he was elected. Subsequently, and after the time limited by the statute for filing a contest had expired, contestant filed an amended notice and grounds of contest setting forth, among other things, that he was at all times mentioned in the notice an elector citizen and resident of the county. On the trial of the case the lower court found that neither contestant nor contestee had a legal majority, and annulled the certificate issued to the latter.

Concerning the persons authorized by the statute to invoke its aid, the purpose of confining the right to contest an election to an elector, and the legal effect of a

failure to allege that the proceeding is instituted by an elector, the supreme court said:

"We think it plain that no one but an elector can invoke the aid of the statute cited; and, when the statute is so invoked, the party seeking its benefit must bring himself within its spirit and its letter. The law says an elector may contest an election for county and township offices. This excludes all others (except, perhaps, by appropriate proceedings in quo warranto) not electors. * * * It was the letter and policy of the law that, if the will of the people had not been correctly pronounced, if persons declared elected had not been in fact, electors might contest by simply following the provisions of the statute; but, on the other hand, to avoid vexatious intermeddling by those not interested in the political affairs of the county, the statute permits such contests to be instituted only by those qualified to vote themselves, and does not extend the right to any others. *The persons instituting such a statutory contest must therefore make it affirmatively appear by the statement that he is an elector, and thus entitled to institute the proceedings to give the court jurisdiction.*" (The italics are ours.)

Upon the point under discussion the court, in Gillespie v. Dion, supra, cites and discusses Edwards v. Knight, 8 Ohio, 375. The court says:

"In Edwards v. Knight, 8 Ohio, 375, Edwards produced in court a copy of a notice duly served upon Knight that the election of Knight as prosecuting attorney would be contested by Edwards. Pursuant to statute, the contest was docketed, when Knight moved to quash the proceedings, assigning as cause the lack of jurisdiction in the court, and that it did not appear from the notice that Edwards was an elector or candidate. The court of common pleas quashed the proceedings. The supreme court said: 'The third objection, that Edwards shows no right as candidate or elector to contest the seat, seems to us well taken. The candidate is not presumed to know all the electors in his district,

and he is bound to respond to none except those who show in the notice the right to question which forms the basis of the proceeding. The contestor offers proof that he was an elector, but we think the right should appear on the record. This opinion is in analogy with the settled course of decisions in this court under the bastardy act, requiring the facts that the mother is an unmarried woman, and resident in Ohio, to be set forth in the complaint.' "

The Ohio statute permitted any candidate or elector to contest elections.

In McCrary on Elections (3d Ed.) par. 399, citing the Ohio case, the author says:

"Where the statute provides that the election of a public officer may be contested by 'any candidate or elector,' the person instituting such contest must aver that he is an elector or that he was a candidate for the office in question. This must appear on the face of the record, and it is not enough that the contestant offer proof that he is an elector. The incumbent is not bound to answer or take notice of a complaint which does not contain this averment."

In Pearson v. Alverson, 160 Ala. 265, 49 South. 756, it was held that a petition to contest an election which failed to allege that petitioner was a qualified voter when the election was held was fatally defective.

The following statement of the rule is made in 20 Corpus Juris, 226:

"The petition or notice must show that the contestant has such an interest in the election as will entitle him to maintain the contest under the statutes authorizing it. Thus, when the statutes permit a contest to be instituted by electors, the complaint or petition must allege that the contestant is an elector at the time the statement is filed; and under some statutes it must be alleged that he was so at the time the election was held. A mere allegation that he was a candidate for the office has been held not sufficient."

See authorities cited to support the text.

"When the statute permits a contest to be instituted by an elector only, the omission of a contestant to show by positive averment on the face of his pleading that he is an elector is fatal." 15 Cyc. 409.

Counsel for contestant does not call our attention to any case holding to a different rule than that recognized by the foregoing authorities, but he contends that, by virtue of section 72 of the act relating to elections, the failure to allege that contestant is a qualified elector does not render the statement fatally defective. We do not agree with the contention. Section 72 reads:

"No statement of the cause of contest shall be rejected, nor the proceedings therein dismissed, by any court before which such contest may be brought for trial, for want of form, if the particular cause or causes of contest shall be alleged with such certainty as will sufficiently advise the defendant of the particular proceedings or causes for which such election is contested."

As plainly prescribed, this provision is intended to cure defects of form, when the statement is otherwise sufficient to apprise the defendant of the grounds of the contest. It is clear that it was never designed to remedy such a substantial defect as an omission to allege that the contestant is one of the class authorized by statute to contest an election. Such an averment in a statement is, as we believe, essential to give the court jurisdiction to hear and determine the issue, and cannot therefore be regarded as matter relating to the form of the statement. Section 72 was designed to remedy immaterial defects.

What we have said also disposes of the contention that the statement is sufficient because it shows that the contest was instituted by the opposing candidate for the office. Section 70 does not, as did the statute in Ohio when the case of Edwards v. Knight, supra, cited by Mr. McCrary in his work on Elections, was decided, provide that a contest may be instituted by any elector or candidate, but confines the authority solely to an elector. Consequently the averment in the statement

that contestant was a regularly nominated candidate does not satisfy the statute.

3. There is no merit in the contention that contestee waived the objection taken by demurrer in submitting it without argument, and by filing her answer, and in going to trial upon the issues made. If no demurrer had been interposed and the objection had not been taken by answer, contestee could not be held to have waived the objection that the statement did not give the court jurisdiction. The objection may be raised at any time.

4. Contestant's declaration of candidacy sworn to by her and wherein she declared that she was a qualified elector of the election precinct in which she resided was introduced in evidence. Contestee was a witness, and testified that she went to the clerk's office after the declaration was filed and looked over it. Upon these facts it is urged that it was established by evidence that contestant was a qualified elector, that contestee knew it to be a fact, and that the omission of the averment from the statement is thus obviated. This is an untenable position. As the court never acquired any jurisdiction by reason of the defectiveness of the statement, it could not be conferred by any matters of proof. It was necessary not only to prove that contestant was a qualified elector of Mineral County, but to allege it as well.

5. For the reasons given, the judgment must be reversed. The time for instituting a contest in this case has expired, and, owing to the special summary nature of the statutory procedure governing election contests, no amendment conferring jurisdiction on the court can now be allowed. Consequently judgment must be entered in favor of contestee. The allowance of an amendment of this character after the time has expired in which a contest may be instituted would be obviously against the policy of the statute. It is plainly the policy of the law that such contests should be instituted and disposed of speedily so that the public interests may not suffer thereby, and that no considerable portion of a term of

a contested office should expire before a final determination of the contest.

"In securing a prompt settlement of an election contest there is a strong reason for requiring amendments to the pleadings to be made instanter. Amendments so radical as virtually to initiate a contest of election cannot be made to a statement which really specified no ground at all, *or failed to aver the contestant's qualifications,* after the expiration of the time allowed by statute for the commencement of the proceedings." 9 R. C. L. 1169, 1170. (The italics are ours.)

In Pearson v. Alverson, supra, the court held that after the time allowed for the commencing of an election contest has expired the petition cannot be amended as to any of the statutory requirements. The court in passing upon this question said:

"Election contests are special statutory proceedings, and, according to the best authorities, which have been followed by our own court, are to be strictly construed as to those provisions for inaugurating the contest, and which are necessary to jurisdiction. A short time limit is fixed, because it is important that such matters should be determined as speedily as possible for the public good. It is accordingly held that, if the petition is defective as to any of the statutory requirements, it cannot be amended after the expiration of the time limited for commencing the contest. To construe the law otherwise would render the time limit of the statute ineffective. * * * The first subdivision of section 460, Code 1907, requires that the petition or 'statement in writing' shall state that the party who files it 'was a qualified voter, when the election was held.' The petition or statement in this case does not contain this allegation, and the motion to amend in that particular was not made until long after the time limit had expired. 'The statutes authorizing amendments to pleadings, in ordinary suits, cannot be applied to enlarge the time so expressly limited.' "

In Gillespie v. Dion, supra, the contestant omitted to

aver in his statement that he was an elector. The lower court after the time for filing statements had expired permitted him to amend in this respect. The supreme court was of the opinion that the amendment was improperly allowed, and in discussing the question said:

"This omission to aver on the face of the record that contestant was or is an elector (whether in the body of the statement or in the affidavit is, perhaps, immaterial) is therefore fatal; and, the court never having acquired jurisdiction by the first purported statement filed within ten days after Dion was declared elected, no amendment offered or made after the ten days had elapsed could give it power to act. The paper filed was not one to which Dion was obliged to give attention at all, and, the statute requiring the statement to be filed within ten days after the date of the declaration of the election of Dion being peremptory, the time cannot be enlarged by the court."

After further discussion of this question of jurisdiction, the court concludes as follows:

"These views upon the question of jurisdiction lead to the conclusion that the court ought to have sustained Dion's first motion to quash the proceedings for lack of jurisdiction, and that, jurisdiction not having been obtained by a statement filed within the time limited by law for instituting the contest, no amendment in this respect made after the lapse of the ten days could avail the contestant."

See, also, 7 Ency. Pl. & Pr. 390; 20 C. J. 235, 236.

The foregoing authorities are in accord with the well-settled state of the law that a statement or other paper by which an election contest is inaugurated which fails to give the court jurisdiction cannot be amended so as to confer jurisdiction after the time prescribed by statute for instituting a contest has expired.

The judgment of the lower court is reversed, the certificate of election issued to contestant, Agnes B. Crownover, for the office of county recorder and ex

officio auditor of said Mineral County, annulled, and the contestee, Rita D. Millar, declared to be entitled to hold said office.

### On Petition for Rehearing

*Per Curiam:*

Rehearing denied.