44 Haw. 220 (1960)
352 P.2d 846
IN THE MATTER OF THE APPEAL OF PAUL H.C. CHUNG, CLERK OF THE CITY AND COUNTY OF HONOLULU, T.H., FROM THE DECISION OF THE BOARD OF REGISTRATION OF ELECTORS FOR THE CITY AND COUNTY OF HONOLULU, T.H., RELATING TO THE REGISTRATION OF ROBERT F. BUDA.
No. 4089.
Supreme Court of Hawaii.
April 12, 1960.
TSUKIYAMA, C.J., MARUMOTO, CASSIDY, WIRTZ, JJ., AND CIRCUIT JUDGE McKINLEY IN PLACE OF LEWIS, J., DISQUALIFIED.
Bertram T. Kanbara, Deputy Corporation Counsel, City and County of Honolulu (Norman K. Chung, Corporation Counsel, with him on the briefs), for appellant.
Louis Le Baron (also on the briefs) for appellee.
OPINION OF THE COURT BY MARUMOTO, J.
This is an appeal by Paul H.C. Chung, Clerk of the City and County of Honolulu, from a decision of the Board of Registration of Electors for the City and County of *221 Honolulu, dated June 5, 1958, relating to the application of Robert F. Buda for registration as an elector. Before filing his application, the applicant had been convicted and sentenced to imprisonment for six years by a Japanese court for committing a criminal offense in Japan. The clerk refused to register him under § 18 of the Hawaiian Organic Act which disqualified any person convicted, in due course of law, of any criminal offense punishable by imprisonment exceeding one year from registering as an elector. The board held that the applicant was entitled to be registered, on the basis of its opinion that "the criminal offense committed by appellant in Japan and for which he was convicted by the Courts of Japan and sentenced for a term in excess of one year, is not a prohibition against his right or privilege to be registered to vote in this Territory within the meaning of Section 18 of the Hawaiian Organic Act."
The sole issue raised by the parties on this appeal is whether the procedure followed by the Japanese court in convicting the applicant was "in due course of law." We have no warrant to consider that issue, for the appeal is not properly before this court.
Appeal from a ruling of a board of registration is governed by R.L.H. 1955, § 11-23, which provides that "Any legal voter may, at any time within ten days after the decision of such board, appeal to the supreme court in the manner provided by law for civil appeals to the supreme court from the circuit court, or in such manner as may be provided by law."
The clerk appealed in his official capacity and not as a legal voter. That in itself may be fatal to this appeal. Crownover v. Millar, 45 Nev. 81, 197 Pac. 817. However, we need not rest our decision on that ground. We hold that the appeal is not properly before this court on the ground that the clerk, either in his official capacity or as *222 an individual, does not come within the meaning of the words "any legal voter," as used in § 11-23. We arrive at our conclusion from a study of the history of our statutory provisions relating to registration of electors. Such provisions have their origin in the Rules and Regulations for Administering Oaths and Holding Elections, promulgated by the President of the Republic of Hawaii under the authority contained in Article 79 of the Constitution of 1894, compiled in R.L.H. 1905, §§ 25 through 104.
When the rules were promulgated, county governments had not yet been established, and there were no county clerks. So, registration was done by boards of registration, challenges were addressed to such boards, and board rulings were appealable to this court. R.L.H. 1905, § 47, provided that "Any lawful voter may challenge the right to register of any person claiming to be eligible to register as a voter, * * *." The provision for appeal was contained in § 50, which read as follows:
"Sec. 50. To supreme court. If any board shall refuse to register the name of any person applying to be registered, the person refused, and, in case any name has been registered, any legal voter, may, at any time within ten days after the decision of such board, appeal to the supreme court in the manner provided by law for civil appeals to the supreme court from the circuit court, or in such manner as may hereafter be provided by law." (Italics supplied.)
From a reading of § 50, we think that the section was designed to accord the right of appeal from a board ruling to this court to an applicant for registration, or a challenger, who was aggrieved thereby. An applicant came within the meaning of the words "the person refused." A challenger was covered by the words "any legal voter." Construing § 47 and § 50 as statutes in pari materia, we think that the words "any legal voter," as used in § 50, *223 meant "any lawful voter" who exercised his right of challenge under § 47 and no one else.
By S.L.H. 1905, c. 39, and S.L.H. 1907, c. 118, the legislature provided for the government of the counties of Hawaii, Maui and Kauai, and for the City and County of Honolulu, and, in so doing, established the office of clerk for each county and for the City and County of Honolulu.
Thereafter, by S.L.H. 1911, c. 68, the legislature transferred the duties of registration formerly performed by boards of registration to county clerks, defined as including the clerk of the City and County of Honolulu, and transformed boards of registration into appellate tribunals to hear appeals from the ruling of the clerks. S.L.H. 1911, c. 68, repealed R.L.H. 1905, § 47, and substituted the following provision therefor:
"Section 4. Any qualified elector may challenge the right of a person to be registered as a voter in the general county register at any time up to the next sitting of the board of registration. * * * In case a challenge is denied or in case of the refusal of the clerk to register the applicant, the party ruled against may appeal from such ruling to the board of registration for his district. * * *"
It is to be noted that the provision quoted above gave the right of challenge to "any qualified elector," whereas under § 47 the person who had the right of challenge was "any legal voter." We think that both expressions have the same meaning, and there is no significance in the mentioned change of language.
No change was made in § 50. So, the presumption is that the meaning of the words in that section remained the same and that only an applicant for registration or a challenger had the right of appeal to this court from an adverse board ruling. Nothing in S.L.H. 1911, c. 68, indicated that the legislature intended to include the clerk *224 among those who had the right of appeal under § 50.
Soon after the enactment of S.L.H. 1911, c. 68, the same legislature enacted S.L.H. 1911, c. 105, which contained amendments of S.L.H. 1911, c. 68, § 4, and R.L.H. 1905, § 50.
S.L.H. 1911, c. 68, § 4, was amended to read:
"Any qualified elector may at any time, for any cause not previously decided by the board of registration or the supreme court in respect of the same person, challenge the right of any person to be or remain registered as a voter in any precinct. * * * In case the clerk denies a challenge or refuses to register an applicant, the party ruled against may appeal from the ruling to the board of registration for his district or county. * * *"
The foregoing amendment made two matters very definite. First, after the amendment, there could be no question as to the person who might be challenged. Not only an applicant for registration but also a person already registered was subject to challenge; with this limitation, that the person whose right to be or remain registered was previously ruled upon by a board or by this court could not be challenged. Second, after the amendment, there could be no question as to the persons who had the right to appeal from a ruling of the clerk to the board. Only a person who was ruled against by the clerk could appeal to the board. That meant that only a person whose right to be or remain registered as a voter was in question or a challenger could appeal to the board. Thus, the right of appeal to the board did not extend to a person who was not a party in the proceeding before the clerk and who, for that reason, was not ruled against by the clerk.
R.L.H. 1905, § 50, was amended by striking therefrom the words "If any board shall refuse to register the name of any person applying to be registered, the person refused, *225 and, in case any name has been registered." In our quotation of the language of § 50 earlier in this opinion, the deleted words are shown in italics. The deletion separated the words "any legal voter" from the context which gave them a definite meaning, and created the necessity of ascertaining their meaning without such context.
The provisions of S.L.H. 1911, c. 68, § 4, as amended, are compiled in R.L.H. 1955, §§ 11-15 and 11-16. R.L.H. 1955, § 11-23, is a compilation of R.L.H. 1905, § 50, as amended.
In a strictly literal sense, the words "any legal voter" mean a person who has met all of the conditions precedent to the exercise of suffrage, including registration. In that sense, they include within their meaning a challenger under § 11-15, for that section requires that such challenger be a "qualified elector," and they include the clerk, for § 149-28 requires that the clerk be a "duly qualified elector"; but they do not include a person ruled against by the board with respect to his right to be or remain registered as a voter, for such person cannot legally vote unless the board ruling is reversed by this court.
The inclusion of a challenger within the meaning of the words "any legal voter," as used in § 11-23, is proper. Unless otherwise provided by statute, appeal may only be taken by a person who was a party in the proceeding in which the ruling appealed from was made and who was aggrieved by such ruling. In a registration proceeding involving a challenge, the challenger is always a party.
But we think that any interpretation of the words "any legal voter," as used in § 11-23, which includes the clerk and excludes the person ruled against by the board with respect to his right to be or remain registered as a voter is contrary to "the reason and spirit of the law, and the cause which induced the legislature to enact it." R.L.H. 1955, § 1-18. Certainly there is nothing in the legislative *226 history of § 11-23 that indicates the intention of the legislature to grant to the clerk, who did not possess such right before the enactment of S.L.H. 1911, c. 105, the right of appeal from a board ruling to this court, or to take away from a person whose right to be or remain registered as a voter was in question the right of appeal which was previously accorded to such person. If the clerk now has the right of appeal from a board ruling, he could only have acquired such right by reason of the deletion of the previously quoted words from R.L.H. 1905, § 50, by S.L.H. 1911, c. 105; likewise, if a person claiming the right to be or remain registered as a voter does not now possess the right of appeal from an adverse board ruling, he would have been deprived of such right only for the same reason.
The only record in existence from which the purpose of the legislature in making the deletion might be deduced shows that it was done to "avoid conflict in our statutes." The Sixth Legislature of the Territory of Hawaii, Senate Journal 1911, p. 827. The conflict in statutes which the legislature sought to eliminate was the fact that the deleted language carried an implication that boards of registration continued to perform the duties of registration despite the imposition of such duties on county clerks by S.L.H. 1911, c. 68.
We do not think that the clerk is entitled, on any logical basis, to the right of appeal to this court from a board ruling, either in his official capacity or as an individual.
First, let us consider the position of the clerk in his official capacity. As an official, he exercises a quasi-judicial authority of making the original rulings in registration proceedings. An officer whose ruling is appealed may be made a party in the appellate proceeding by statute. But there is no statute which makes the clerk, as such, a party in the proceeding before the board. So, he is not a party *227 in the board proceeding, and he has no standing to appeal from an adverse board ruling to this court as an aggrieved party. This is illustrated by Kirchoff v. Board of Commissioners of McLeod County, 189 Minn. 226, 248 N.W. 817. In that case, the county board, acting as a tribunal to hear a petition to detach land from one school district and attach it to another, denied the petition. On appeal, the district court reversed the board ruling. The supreme court dismissed the appeal of the board from the judgment of the district court with the following statement: "The county board, prosecuting this appeal, so far as the record shows, has no interest in the litigation and is not an aggrieved party. The board is the tribunal designated by statute to hear the petition and pass upon it in the first instance. * * * A court or tribunal before whom a controversy is litigated has, as such, no appealable interest in the matter."
If we consider the clerk as an individual, he is like any other registered elector who was not a party in the proceeding before the board. A registered elector who was not a party in the proceeding in which a ruling was made may not appeal from the ruling because he is not an aggrieved party; he may question the right of any person to be or remain registered as a voter only by a challenge. But, under § 11-15, no person whose right to be or remain registered as a voter has once been ruled upon by a board of registration or this court may be challenged.
While this appeal is not concerned with the application of the words "any legal voter," as used in § 11-23, to a person whose right to be or remain registered as a voter is in question, we shall briefly touch upon it in order to round out our consideration of the meaning of those words. As we noted earlier in this opinion, such person does not come within the literal meaning of those words. But, clearly under every concept of an orderly judicial process, *228 if any person ought to have the right of appeal from an adverse board ruling to this court, it is the person ruled against by the board with respect to his right to be or remain registered as a voter. We think that the right of appeal of such person may be preserved by interpreting those words to mean any person who claims the right to be registered as a legal voter.
The problem of interpretation presented in this appeal is one in which the rule so succinctly stated in the following language of Clayton v. Colorado & Southern Railway Co., 51 F.2d 977, is applicable:
"The primary rule in the construction of statutes is to ascertain and give effect to the intent of the legislative body. * * * Where the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, resort must not be had, ordinarily, to rules of construction, but the statute must be given its plain and obvious meaning. * * * Where, however, the language is of doubtful meaning, or where adherence to the strict letter would lead to injustice or absurdity, or result in contradictory provisions, it devolves upon the court to ascertain the true meaning. * * * The general design and purpose of a statute should be kept in mind and its provisions should be given a fair and reasonable construction with a view to effecting its purpose and object. * * *
"It frequently happens that the true intention of a legislative body is not expressed by the language employed in a statute, when literally construed. In such cases, the intent of such legislative body can only be effectuated by a departure from the literal interpretation of the language employed. When such intention is clearly discernible from the provisions of the statute when considered as a whole, the real purpose *229 and intent of the legislative body will prevail over the literal import of the words employed. * * *" (Asterisks indicate omission of cited authorities.)
We applied such rule in Chang v. Meagher, 40 Haw. 96. If the rule is applied in this case, then the clerk will not be included within the meaning of the words "any legal voter," as used in § 11-23, and those words will mean any applicant for registration as an elector who has been ruled against by the board of registration with respect to his right to be registered; any registered elector whose right to remain registered has been challenged and who has been ruled against by the board with respect to such right; or any qualified elector who has challenged the right of a person to be or remain registered as an elector and who has been ruled against by the board with respect to such challenge.
Order will be entered dismissing the instant appeal for want of jurisdiction.
DISSENTING OPINION OF TSUKIYAMA, C.J., with whom CIRCUIT JUDGE McKINLEY joins, dissenting.
With due deference to the views stated in the majority opinion of this court, we are unable to concur in the conclusion reached. We do not believe that the term "any legal voter," as used in R.L.H. 1955, § 11-23, limits or was legislatively intended to limit its inclusion to (1) any applicant for registration who has been ruled against by the board of registration; (2) any registered elector whose right to remain registered has been challenged and who has been ruled against by the board; or (3) any qualified *230 elector who has challenged the right of a person to be or remain registered as an elector and who has been ruled against by the board.
The words "elector," "voter," "qualified elector," and "legal voter" have been variously defined and often used synonymously and interchangeably. Standing alone, the term "qualified elector" may at first blush appear to refer only to a registered voter or elector, but the provisions of R.L.H. 1955, § 11-9, clearly indicate that it applies to any person who has or claims a right, by virtue of his qualification, to be registered by the clerk. It is presumable, therefore, that a challenger under § 11-15 need only be a qualified elector and not necessarily a registered voter. Logically, the term "legal voter," as used in § 11-23 which governs appeals to the supreme court, must have been legislatively intended to apply to a person who has or claims to have the qualification to be registered, and not necessarily to a voter who has been registered. Any construction to the contrary would result in depriving the very applicant for registration of the right to take his final appeal to the supreme court, under § 11-23, on the ground that he is not yet a "legal voter."
In defining the term "any legal voter," as used in § 11-23, to mean an applicant for registration, a registered elector whose right to remain registered has been challenged, or a qualified elector who has challenged the right of a person to be or remain registered, the opinion of the majority completely ignores the salient fact that the clerk of the municipality, sans challenge, is entrusted by law with the duty of determining whether an applicant should be registered on the basis of the required declarations in the application under oath. Such duty is derived from the provision of § 11-8 which directs the clerk to register an applicant if "satisfied" that the applicant is entitled to be registered. If the application on its face discloses any *231 disqualification under the law, it is his duty to deny the same, and if the applicant appeals to the board of registration, to appear before such board to show justification for his action. If the board reverses his ruling, we are of the opinion that the clerk may himself appeal to this court. § 11-23 provides: "Any legal voter may, at any time within ten days after the decision of such board, appeal to the supreme court in the manner provided by law for civil appeals to the supreme court from the circuit court, or in such manner as may be provided by law." It is significant that the word "any" [legal voter] is used. We cannot conceive of the legislature using the word "any," if it did in fact intend to afford appellate relief only to the three classes of persons stated in the majority opinion.
The appellant in the instant case is the elected clerk of the City and County of Honolulu. To be elected, he is required by law to be a "qualified elector" of the (Territory) and of the City and County of Honolulu. R.L.H. 1955, § 149-28. Hence, he is a "legal voter" within the meaning of § 11-23, and this court may well take judicial notice of such fact. R.L.H. 1955, § 226-1; 31 C.J.S., Evidence, § 16. In view of such status, we are of the opinion that his failure to expressly refer to himself as a legal voter in taking this appeal is immaterial. The case of Crownover v. Millar, cited in the majority opinion, is inapplicable for the reason that not only was the contestant there a plain voter only, but the statute required him to specifically state that he was a "qualified elector."
Finally, a noteworthy point remains. § 11-26 provides: "In case of an appeal from a decision of any board holding any person to be entitled to registration, the name of such person shall be placed or remain upon the register pending the decision of the supreme court concerning the same. If the person so registered votes at any election before the decision of the court has been made and acted upon, such *232 vote shall not invalidate such election, even though the decision of the court is adverse to the registration of such name." This provision unmistakably shows that the legislature contemplated a situation, as exists in the instant case, where some qualified elector other than an applicant for registration, a registered elector whose right to remain registered has been challenged, or a qualified elector who has challenged the right of a person to be or remain registered, might appeal to this court. In the absence of a challenger from the inception, the clerk stands duty-bound to seek final appellate review, if he reasonably believes that the board of registration erred in ordering him to place the applicant's name on the register. In this respect, the clerk is in effect a challenger. Otherwise, under § 11-26, in a case wherein an applicant has been refused registration by the clerk, without an outside challenger, and the board of registration has sustained the action of the clerk, the applicant would be taking his appeal to this court ex parte. It is our view that under such circumstance and within the purview of the law, the clerk is himself a challenger and therefore a party.
It is well established that the right to appeal is purely a statutory right. In certain jurisdictions, the constitution or statute specifically grants the right to appeal only to a person whose petition for registration has been denied. Such was the case in State v. Crenshaw, 138 Ala. 407, 35 So. 456, where the court ruled that the state could not appeal under the Alabama constitution which provided that "an appeal will lie to the supreme court in favor of the petitioner." It is also axiomatic that a statute must be construed in the light of its plain, perspicuous and unambiguous language. Territory v. Fasi, 40 Haw. 478. Resort to extrinsic matter, such as the history of a particular legislation, may be had only when an ambiguity exists. The purpose of the rule is to resolve an ambiguity *233 and not to create one. Territory v. Morita, 41 Haw. 1; Kamanu v. Black, 41 Haw. 442.
The majority opinion draws its conclusion from what it regards as the historic context of the statutory provisions relating to the registration of voters. Historywise, it is to be observed that the Constitution of 1894, Article 77, § 13, provided: "If any Board [of Registration] shall refuse to register the name of any person applying to be registered, the person refused, and, in case any name has been registered, any legal voter, may at any time within ten days after the decision of such Board, appeal to the Supreme Court in the manner provided by law for civil appeals to the supreme court from the circuit court or in such manner as may be provided by law." It is reasonable to infer that if the framers of the constitution had intended to give the term "any legal voter" a restrictive meaning, it would have used the term "any applicant or challenger." In 1911, the legislature amended said section by deleting that portion thereof which is italicized. S.L.H. 1911, c. 105, § 7. Since said amendment, the statute has read and still reads as it now appears in R.L.H. 1955, § 11-23, to wit: "Any legal voter may, at any time within ten days after the decision of such board, appeal to the supreme court * * *."
The reason for the 1911 amendment is understandable. When the county governments were established, the duties pertaining to the registration of voters were transferred to the county clerk. The old board of registration was made an appellate body. It is significant, however, that the legislature in 1911 retained the words "any legal voter" without the use of any language to indicate its intent to give the words a restrictive meaning. Significant also is the fact that by the same amendatory act of 1911, the legislature provided in another section: "In case the clerk denies a challenge or refuses to register an applicant, the *234 party ruled against may appeal from the ruling to the board of registration for his district or county." S.L.H. 1911, c. 105, § 1; now R.L.H. 1955, § 11-16. If the 1911 legislature did intend, in the case of an appeal to the supreme court, to give only the applicant for registration and the challenger the right to appeal, it would have repeated the restrictive language appearing in the above quoted section, instead of retaining the words "any legal voter."
The term "any legal voter" is clear and without ambiguity, and to construe it as including only the classes of persons mentioned in the majority opinion and not the clerk who is a legal voter and in fact a challenger, is to indulge in a hypertechnical construction not contemplated by such clear term. In fact, the clarity is so apparent that the jurisdictional aspect of the appeal was not adverted to in the original briefs or oral arguments before the court. It was not until this court later called for supplementary briefs that jurisdiction became an issue and that, only as a result of a question propounded by the court as to whether the clerk had the right to appeal. Although the Hawaii Rules of Civil Procedure govern the procedure in the circuit courts, it is to be noted by way of analogy that it is "not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued * * *," and that when "a party desires to raise the issue * * * he shall do so by specific negative averment * * *." H.R.C.P., Rule 9(a).
As stated, supra, § 11-26 contemplates that some person other than an applicant for registration may appeal to this court where the board of registration has ruled in favor of the applicant. Where there was no outside challenger, and the clerk in charge of registration, sua sponte, rejected an application in the first instance on the ground that the applicant was not qualified, and the board of registration *235 reversed such rejection, the clerk officially and as a legal voter is entitled to seek appellate review in the interest of the public. Whether or not a person has the legal qualification to register as a voter is a matter of public concern. When it is claimed by the clerk that the board of registration has erred in its ruling, he is definitely an aggrieved party both as a challenger and legal voter. It is our view that the clerk comes within the category of "any legal voter" within the purview of R.L.H. 1955, § 11-23.
Accordingly, we are of the opinion that the clerk's appeal should be entertained and the merits of the case considered by this court.