G. J. HAWAII, LTD., Appellant, *v.* WAIPOULI DE-VELOPMENT COMPANY and PROSSER-CHILDS, INC., Appellees, and VISION ELEVEN, VISION THIRTEEN, MARION H. EMERICH, LEROY HANS-BERGER, ISAAC KAIU and GLADYS Y. KAIU, Respondents

NO. 6055

FEBRUARY 24, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA AND MENOR, JJ., AND CIRCUIT JUDGE FONG IN PLACE OF KIDWELL, J., DISQUALIFIED

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by G. J. Hawaii, Ltd. (appellant) from a judgment of the trial court denying appellant's application for a mechanic's and materialman's lien. The trial court held, as a matter of law, that appellant, having "failed to meet the burden of showing that it has a contractor's license under Chapter 444'', Hawaii Revised Statutes, is not entitled to a mechanic's and materialman's lien.

We reverse.

### ISSUE

Whether the statement in HRS § 507-49(b) (Supp. 1975), that a general contractor may not have lien rights "unless such contractor was licensed pursuant to chapter 444'', refers not only to persons who are required to be licensed by that chapter, but also to persons who are exempt from the chapter.

### STATEMENT OF THE CASE

On August 4, 1975, the appellant, a professional engineer, duly registered pursuant to HRS chapter 464 (Professional Engineers, Architects, Surveyors and Landscape Architects), filed, as a general contractor, a notice of application for mechanic's and materialman's lien for engineering services rendered to Waipouli Development Company and Prosser-Childs, Inc. (appellee) on certain real property developed by the appellee. The appellant did not have a general contractor's license pursuant to HRS chapter 444 when it performed its services on the real property for the appellee.

STATUTES

HRS § 507-49(b) (Supp. 1975) provides: "Anything contained in this chapter to the contrary notwithstanding, no general contractor as defined in this chapter or his subcontractor or the subcontractor's subcontractor shall have lien rights unless such contractor was licensed pursuant to chapter 444 when the improvements to the real property were made or performed, and no subcontractor or subsubcontractor so licensed shall have lien rights if his work was subcontracted to him by a general contractor as defined in this chapter or his subcontractor who was not licensed pursuant to chapter 444."

HRS § 507-41 provides: "'General contractor' means a person who enters into a contract with the owner for the improvement of real property."

HRS § 444-9 provides: "Licenses required. No person within the purview of this chapter shall act, or assume to act, or advertise, as general engineering contractor, general building contractor, or specialty contractor without a license previously obtained under and in compliance with this chapter . . . ."

HRS § 444-2 provides: "Exemptions. This chapter shall not apply to: . . . (5) A registered architect or professional engineer acting solely in his professional capacity."

The trial court found that the appellant was a general contractor "within the definition of a general contractor under [HRS] Chapter 507" and concluded that under the provision of HRS § 507-49(b) (Supp. 1975), only contractors licensed pursuant to chapter 444 are entitled to a mechanic's and materialman's lien.

The appellant, *inter alia*, contends that the trial court's literal construction of HRS § 507-49(b) (Supp. 1975) creates an absurd and unjust result: absurd because appellant is exempt from the requirements of HRS chapter 444; unjust because the trial court's construction precludes professional engineers and registered architects, who are not paid for their work, from having lien rights.

OPINION

Prior to the enactment of Act 113, Session Laws of Hawaii 1974, the mechanic's and materialman's lien statute[1] provided lien rights to professionals in appellant's category.

The appellee contends that the clear and plain meaning of HRS § 507-49(b) (Supp. 1975) as enacted by Act 113, S.L.H. 1974, cuts off the lien rights of appellant since appellant is not licensed pursuant to HRS chapter 444. The appellee further contends that " 'where the language of the statute is plain and unambiguous, there is no occasion for construction and the statute must be given effect according to its plain and obvious meaning' ". [Citations omitted.]

The appellant, however, contends that in enacting HRS § 507-49(b) (Supp. 1975),[2] "the legislature sought to take away the lien rights of persons who were required to obtain a license under H.R.S. Chapter 444 but who had not done so." With this, we agree.

---

[1] HRS § 507-42 provides in part:

Any person or association of persons furnishing labor or material in the improvement of real property shall have a lien upon the improvement as well as upon the interest of the owner of the improvement in the real property upon which the same is situated, or for the benefit of which the same was constructed, for the price agreed to be paid (if the price does not exceed the value of the labor and materials), or if the price exceeds the value thereof or if no price is agreed upon by the contracting parties, for the fair and reasonable value of all labor and materials covered by their contract, express or implied.

[2] HRS § 507-49 (Supp. 1975) was subsequently amended by Act 209, S.L.H. 1976, to clarify the original intent of the legislature. Section 1 of Act 209 states:

"SECTION 1. The purpose of this Act is to clarify Section 507-49, Hawaii Revised Statutes, as amended by Act 113, Session Laws of Hawaii 1974. Although Section 507-49 was further amended by Act 181, Session Laws of Hawaii 1975, such amendments did not affect the uncertainty which this Act serves to remedy. *The legislature, by Act 113, among other things, intended to deny lien rights to contractors required to be licensed under chapter 444, Hawaii Revised Statutes, but who are not so licensed.* However, the statute as presently worded may be construed, and has been by at least one court, as denying lien rights to persons who may be general contractors as defined in chapter 507, Hawaii Revised Statutes, and who are exempt from the licensing requirements of that section, *e.g., professional engineers and architects.* The effect of such an interpretation is to deny lien rights to persons who are not licensed under chapter

In the present case, the language of the statute is seemingly plain and unambiguous. However, if read literally, the phrase "unless such contractor was licensed pursuant to chapter 444", as used in HRS § 507-49(b) (Supp. 1975), would effect an absurd and unjust result in that professionals, such as the appellant, who are specifically exempted from the licensing requirements of HRS chapter 444, would be denied lien rights for not having secured a license under that chapter. HRS § 1-15(3). Further, we believe that the construction of the statute urged by the appellee is contrary to the "reason and spirit of the law, and the cause which induced the legislature to enact it." HRS § 1-15(2).

It is well established in this jurisdiction that, "even in the absence of statutory ambiguity, departure from literal construction is justified when such construction would produce an absurd and unjust result and the literal construction in the particular action is clearly inconsistent with the purposes and policies of the act." *Pacific Insurance Co. v. Oregon Automobile Insurance Co.*, 53 Haw. 208, 211, 490 P.2d 899, 901 (1971); *Tangen v. State Ethics Commission*, 57 Haw. 87, 93,

---

444 but who are properly licensed under other appropriate laws. *This Act amends section 507-49 to make clear that lien rights are denied only to contractors required to be licensed under chapter 444 and not so licensed* and that lien rights are not denied to persons who may meet the definition of a general contractor under chapter 507 but who are exempt from the licensing requirements of chapter 444." (Emphasis added.)

HRS § 507-49(b) (Supp. 1975) was thereafter amended to reflect the original intent of the legislature. Act 209, S.L.H. 1976, amended the subsection to read as follows:

"(b) Anything contained in this chapter to the contrary notwithstanding, no general contractor as defined in this chapter or his subcontractor or the subcontractor's subcontractor *who is required to be licensed pursuant to chapter 444,* shall have lien rights unless such contractor was licensed pursuant to chapter 444 when the improvements to the real property were made or performed, and no subcontractor or subcontractor's subcontractor so licensed shall have lien rights if his work was subcontracted to him by a general contractor as defined in this chapter or his subcontractor who was required to be licensed but was not licensed pursuant to chapter 444." (Emphasis added.)

HRS § 507-49(a) (Supp. 1975) was similarly amended to deny lien rights "for the furnishing of materials to a general contractor" who "was required to be licensed but was not licensed pursuant to chapter 444 . . . ."

550 P.2d 1275, 1279 (1976); *Save Hawaiiloa Ridge Association v. Land Use Commission,* 57 Haw. 84, 85, 549 P.2d 737, 738 (1976); *In re Palk,* 56 Haw. 492, 496, 542 P.2d 361, 364 (1975); *State v. Park,* 55 Haw. 610, 614, 525 P.2d 586, 590 (1974); *In re Castro,* 44 Haw. 455, 458, 355 P.2d 46, 49 (1960); *In re Appeal of Chung,* 44 Haw. 220, 228, 352 P.2d 846, 850-851 (1960); HRS § 1-15(3).

In this respect, the United States Supreme Court in *Holy Trinity Church v. United States,* 143 U.S. 457 (1892) stated: "It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. This has been often asserted, and the reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of the legislator, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act." *Id.* at 459.

Referring to *Holy Trinity Church v. United States, supra,* with approval, this court in *Chang v. Meagher,* 40 Haw. 96, 102 (1953) stated: "While the most desirable construction of a statute is that which is consistent with the spirit and letter thereof, both of which should be considered, frequently the purpose of an Act justifies the departure from a literal construction of the wording."

In an earlier decision, this court in *Rathburn v. Kaio,* 23 Haw. 541 (1916), stated that "if following the strict letter of a statute will lead to palpable injustice the courts search for a more reasonable meaning of the language which will also accord with the spirit of the enactment." *Id.* at 544.

An examination of HRS § 507-49(b) (Supp. 1975) and its legislative history reveals an intention on the part of the legislature to deny lien rights only to those persons required

to be licensed under HRS chapter 444, but who are not.[3] Nowhere in the Committee Reports can we find any indication on the part of the legislature to deny liens to those who do work in the improvement of property, but who happen to be licensed under HRS chapter 464 rather than HRS chapter 444.

We do not believe HRS § 507-49(b) (Supp. 1975) denies lien rights to professional engineers and architects who are exempt from the licensing requirements of HRS chapter 444.[4] This is so, especially where they have fulfilled all licensing and registration requirements as specifically required of them for their particular profession.[5] .

The construction of the phrase "unless such contractor was licensed pursuant to chapter 444" in the context of the entire statute as urged by the appellee is clearly absurd and unjust.

Reversed.

*John Rapp (Goodsill Anderson & Quinn* of counsel) for appellant.

*Hiroshi Sakai* for appellees.

---

[3] Senate Judiciary Committee Report on House Bill No. 2682-74, S. Jour. 1133 (1974); House Committee on Consumer Protection, Standing Committee Report No. 344-74 (1974); House Committee on Judiciary and Corrections, Standing Committee Report No. 570-74 (1974); House Committee on Consumer Protection, Standing Committee Report No. 448-74 (1974).

[4] We reach our conclusion without reliance on the subsequent amendment and clarification of HRS § 507-49 by Act 209, S.L.H. 1976.

[5] Appellant has been duly licensed and registered as a professional engineer pursuant to HRS chapter 464, and, is thus exempt under chapter 444.